that it could have been so made ready by the action of the plaintiff if he had taken action for that purpose. 3d. That the plaintiff took no steps by executing his writ of inquiry to reduce to certainty what was uncertain. And 4th. That the corporation court of its own motion, "disposed of" the case by continuance to the next term, without exception by the plaintiff, apparently, because it was not then ready for trial.

## Case No. 6,910.
HUNTER v. ROYAL CANADIAN INS. CO.
[See Case No. 6,909.]

HUNTER (SHEIRBURN v.). See Case No. 12,744.

HUNTER (SMITH v.). See Case No. 13,063.

HUNTER (TAVENNER v.). See Case No. 13,767.

HUNTER (UNITED STATES v.). See Case No. 15,428.

HUNTER, The (UNITED STATES v.). See Cases Nos. 15,424–15,427.

HUNTER (WALKER v.). See Case No. 17,072.

HUNTER (WILSON PACKING CO. v.). See Case No. 17,852.

HUNTERS (BRYANT v.). See Case No. 2,068.

HUNTINGDON (MORRIS v.). See Case No. 9,831.

## Case No. 6,911.
HUNTINGTON et al. v. CENTRAL PAC. R. CO.

[2 Sawy. 503; [1] 1 Am. Law T. Rep. (N. S.) 94.]

Circuit Court, D. California. Jan. 26, 1874.

TAXATION—RAILROAD EXEMPTION—VOID TAX ASSESSMENT—RAILROADS, HOW TAXED—SEPARATE ASSESSMENTS — TAX DEED PRIMA FACIE EVIDENCE OF TITLE—INJUNCTION A PROPER REMEDY.

1. The Central Pacific Railroad is not exempt from taxation by the state of California, on the ground that it is an instrumentality created in pursuance of acts of congress, and employed by the national government for transportation of the mails, armies of the United States, munitions of war, etc.

2. An assessment of a tax not made in the mode or on the principle prescribed by the statute, is void.

[Cited in Tilton v. Oregon Cent. Military Road Co., Case No. 14,055.]

3. Under the statute of California, a railroad must be taxed as real estate, and the portion situate in each county must be assessed in said county as so much land, like the adjoining lands, without reference to its connections, or the uses to which it is put, and must be assessed at its "cash value," which is "the amount at which the property would be appraised, if taken in payment of a just debt due from a solvent debtor."

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

4. The land and improvements thereon, must be assessed separately like other real estate, and an assessment not made in the mode and on the principle stated, is void.

5. Under the statute of California, a tax deed is prima facie evidence of the regularity of all proceedings resulting in the deed, and is, therefore, prima facie evidence of title in the grantor. Such a deed executed in pursuance of a void sale, casts a cloud upon the title.

[Cited in Minturn v. Smith, Case No. 9,647.]
[Cited in Arrington v. Liscom, 34 Cal. 366.]

6. A court of equity will enjoin a sale for taxes, when the assessment is void, and the deed given in pursuance of the sale would cast a cloud upon the owner's title.

[Cited in Northern Pac. R. Co. v. Carland, 5 Mont. 146, 3 Pac. 134; Hauswirth v. Sullivan, 6 Mont. 203, 9 Pac. 798.]

[7. Cited in Donohoe v. Mariposa L. & M. Co., Case No. 3,989, to the point that the dismissal of the original bill before a hearing would doubtless carry the cross bill with it as a part of the suit.]

Bill in equity [by Collis P. Huntington and others] to restrain the sale of the Central Pacific Railroad for the taxes levied in the various counties through which the said railroad extends, for state and county purposes for the year 1872–3.

McCullough & Boyd and S. W. Sanderson, for complainants.

Robert Robinson, for Central Pac. R. Co.
J. Love, Atty. Gen., and the several district attorneys for the counties of Santa Clara, Alameda, San Joaquin, Sacramento, Placer and Nevada, for other defendants.

Before SAWYER, Circuit Judge, and HOFFMAN, District Judge.

BY THE COURT (SAWYER, Circuit Judge). There are two grounds upon which the application for an injunction is rested. First, on the ground that the Central Pacific Railroad is an instrumentality constructed in pursuance of acts of congress, and employed by the national government in the exercise of its constitutional powers in providing for the transportation of the mails, the armies of the United States, munitions of war, etc., and as such instrumentality of the general government, exempt from state taxation. Secondly, that the said taxes have not been assessed in the mode, or upon the principles prescribed by the statute, and for that reason the assessment is void.

The first ground has recently been disposed of adversely to the complainants by the supreme court of the United States, in the case of Union Pac. R. Co. v. Peniston (decided at the present term) and it requires no further consideration. 18 Wall [85 U. S.] 5.

As to the second ground; section 3617 of the Political Code of California, defines the term "real estate," as used in the statute for the purposes of taxation, as follows: "First, the term 'real estate' includes—1. The ownership of, claim to, possession of,